978 F.2d 1263
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Donald HARDEN, Appellant,
v.
Dick MOORE; George Lombardi; Bill Armontrout; Robert
Acree; Henry Jackson, Appellees.
 No. 92-2033.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 30, 1992.
Filed: November 9, 1992.
 
 Before MAGILL, LOKEN, and HANSEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Donald Harden, a Missouri inmate, appeals pro se from the district court's[1] order granting defendant prison officials summary judgment in this 42 U.S.C. § 1983 action. Harden alleged he was denied due process when he was transferred into housing unit 5-C at the Missouri State Penitentiary (MSP). We affirm.
 
 
 2
 In an amended complaint, Harden alleged that on August 10, 1989, he was moved from unit 5-A, the administrative segregation unit, into unit 5-C, the punitive segregation unit, without notice or a hearing. Harden alleged he then filed two inmate grievances, and defendants replied, stating that Harden had received two conduct violations in June 1989, and was assigned to unit 5-C after a hearing on those violations. Harden claimed he had been previously disciplined for the prior conduct violations and had been released, and thus, his present transfer constituted double jeopardy. He sought emergency injunctive relief and damages. The district court dismissing the equitable claims after defendants advised the court that Harden was now housed in unit 2-B.
 
 
 3
 Defendants then filed a motion for summary judgment, arguing Harden received all the process he was due relating to his August 10, 1989 assignment to unit 5-C. Defendants asserted that on June 2, 1989, Harden received a conduct violation for Rule 9, organized disobedience; he was found guilty by the Adjustment Board and was referred to the Special Management Facility (SMF) classification committee. After a June 13 hearing, the classification committee assigned Harden to unit 5-C, another level at SMF, but suspended the assignment for ninety days. When Harden received another conduct violation on June 21, his suspension was revoked and he was assigned to unit 5-C.
 
 
 4
 Harden filed his own motion for summary judgment, arguing that he did not receive due process under Wolff v. McDonnell, 418 U.S. 539 (1974), before his suspended sentence was revoked. Harden further argued that the evidence did not establish that his June 21 conduct violation precipitated his assignment to unit 5-C, and that defendants violated his due process rights when he was held in punitive segregation for more than ten days, in violation of Mo. Rev. Stat. § 217.375.1.
 
 
 5
 The district court concluded that Harden could have been moved administratively to unit 5-C as a result of his June 13 hearing before the SMF classification committee and that the suspended sentence, later revoked, was procedurally appropriate. Although prison records did not show Harden was given notice his suspended sentence had been revoked, Harden should have been aware of the institution's rules regarding suspended sentences. The district court concluded the reassignment was administrative, not punitive, and therefore did not implicate due process protections. See Sanders v. Woodruff, 908 F.2d 310, 314 (8th Cir.), cert. denied, 111 S. Ct. 525 (1990). Accordingly, the district court granted defendants summary judgment and denied Harden summary judgment.
 
 
 6
 On appeal, Harden argues the district court erred in not finding a due process violation when, by its own admission, the records did not show he was given notice his suspended sentence had been revoked. Harden also argues that his transfer was in violation of section 217.375.1 and .2, and that the district court erred in not appointing him counsel. We conclude that these contentions are without merit for the reasons stated by the district court. See 8th Cir. Rule 47B.
 
 
 7
 Accordingly, we affirm.
 
 
 
 [1]
 The HONORABLE SCOTT O. WRIGHT, Senior United States District Judge for the Western District of Missouri